*Northern District*

No. 8380

## ALLEN JONES

### v.

## BOSTON GAS COMPANY

Case tried to *Tucker, J.,* in the Municipal Court of Dorchester. No. _____.

Present: Flaschner, Flynn, Cimini, JJ.

**Cimini, J.** This is an action of contract or tort, in which the plaintiff seeks to recover for damage to personal and real property.

*Count* 2 of the plaintiff's declaration alleges, in substance, that a written contract was entered into between the parties herein on or about October 14, 1968, whereby the defendant installed a gas conversion burner in the plaintiff's home for heating of the same; that the plaintiff left his home on December 21, 1969, at which time said burner was operating with the thermostat set at 72°; that the plaintiff returned to his home on December 27, 1969 and found pipes broken due to freezing thereby causing damage to property; that the defendant breached its implied warranty of merchantability to the plaintiff, and that the plaintiff gave due notice to the defendant of said breach of warranty, all resulting from the cessation of operation of said gas conversion burner.

*Count* 3 of the plaintiff's declaration makes substantially the same allegations as Count 2 and further alleges a breach of "Agreement to lease . . . a conversion burner that would work".

The answer of the defendant contained a general denial, and a defense of contributory negligence.

*At the trial there was evidence tending to show that:*
In October, 1968, the parties herein entered into a certain written agreement pertaining to the lease by the plaintiff to the defendant of a gas conversion burner; that on December 21, 1969, the plaintiff left his home, with the thermostat set at 72°, and returned to his home on December 27, 1969, at which time he

found the gas burner off and not operating, his house cold, heard water running, found pipes broken, and various parts of his home and personal property damaged; that the plaintiff thereupon turned off the main water supply and notified the defendant; that thereafter two employees of the defendant came and examined the conversion burner without restoring the same to operation; that subsequently a third employee came, worked on the conversion burner and removed a defective thermo-couple lead and installed a new one.

The defective thermo-couple lead was placed on the floor and found near the conversion burner after said third employee had left.

The thermo-couple lead that he had removed was not consistent with the type of appliance involved and was a product of a different manufacturer.

The court found for the plaintiff on both counts 2 and 3 and assessed damages.

The defendant duly filed the following requests for rulings:

1. The evidence warrants a finding for the defendant, Boston Gas Company. *(Allowed)*

2. The evidence does not warrant a finding for the plaintiff as to the defendant, Boston Gas Company. *(Denied)*

3. The evidence does not warrant a finding that the plaintiff's injuries or damages were caused by the defendant, Boston Gas Company, its agents, servants, or employees. *(Denied)*

4. The evidence does not warrant a finding that the plaintiff, at the time of the events declared upon, owned the conversion burner. *(Denied)*

5. The evidence does not warrant a finding that at the time of the events declared upon, the plaintiff had agreed to purchase the conversion burner. *(Denied)*

**6.** The evidence does not warrant a finding that the defendant, Boston Gas Company, breached any agreement it had entered with the plaintiff. *(Denied)*

**7.** The evidence does not warrant a finding that the defendant, Boston Gas Company, breached any implied warranties running to the plaintiff. *(Denied)*

**8.** The evidence does not warrant a finding that, at the time the plaintiff and the defendant, Boston Gas Company, entered into a written agreement dated October 14, 1968, there was implied warranty of merchantability running from the defendant, Boston Gas Company, to the plaintiff. *(Denied)*

The plaintiff also duly filed 6 requests for rulings of law but we are concerned only with 3 of them as follows:

**1.** Condition #5 shown as part of the original contract by and between the plaintiff, Allen Jones, and by the defendant, Boston Gas Company, shown as part of Exhibit "B" of Plaintiff's Declaration is unconscionable and in violation of Massachusetts General Laws, Chapter 106, Section 2-302. *(Allowed)*

**2.** On all the evidence the plaintiff is entitled to recover from the Boston Gas Company. *(Allowed)*

**6.** The warranties of merchantability and fitness apply equally as much to "leased/buy" arrangements as to the purchase of goods. *(Allowed)*

The defendant claimed to be aggrieved by the court's rulings on its requests for rulings numbered 2, 3, 4, 5, 6, 7, 8 and also the court's rulings on the plaintiff's requests numbered 1, 2, and 6.

The trial court made no findings of fact and, among other things, the defendant claimed to be aggrieved by its allowance of plaintiff's request #2.

Plaintiff's request #2 that "on all the evidence" he is entitled to recover from the defendant, Boston Gas

Company, is, in effect, a request that on all the evidence a finding for the plaintiff is required as a matter of law. Said request could have been refused under the rules for failure to specify the grounds upon which the request is based. However, the trial court chose instead to grant the request and made no findings of fact.

Such a request can seldom, if ever, be granted as to the party having the burden of proof (in this case the plaintiff) because the trial court, by granting the request, is, in effect, saying that on all the evidence a finding would not be warranted or permitted for the opposing party (Boston Gas Company). That is just not so in this case as a reading of the record indicates that there are factual issues which could be decided either way.

For example, even if it were decided as a matter of law that the defendant could be held liable for breach of implied warranty, the trial justice as a matter of fact then has to find that there was such a breach committed and what such breach consisted of.

Had the trial justice made such findings of fact, then he would have been correct in his allowance of plaintiff's request #2, because, based on such findings of fact, assuming, of course, that they were favorable to the plaintiff and did not lack support in the evidence, he would then have been required as a matter of law to grant the request.

Therefore, it is hereby determind that the trial justice committed an error in allowing the plaintiff's request #2 and it is not necessary to go any further.

Finding of trial justice is hereby vacated and matter remanded for a new trial.